Ex Parte Arranzamendi.

Application for a writ of Habeas Corpus.

No. 19.—Decided May 18, 1905.

Habeas Corpus—Punishment Imposed Upon Defendant in a Habeas Corpus Proceeding.—In a *habeas corpus* proceeding the question whether or not the

punishment imposed by the judge upon a defendant is excessive cannot be brought in question where such judge is acting within the limits of his jurisdiction or discretionary powers.

Id.—Enforcement of Judgment—Commitment.—The detention of a prisoner in compliance with a judgment rendered against him must be justified by a certified copy of the original judgment, according to the provisions of sections 327 of the Code of Criminal Procedure, and a failure to comply with this provision renders the commitment null and void, because it is lacking in an essential requisite and the prisoner will be discharged on *habeas corpus*.

Id.—The provisions of section 484 of the Code of Criminal Procedure have reference to persons committed to prison by virtue of a criminal charge, but not by virtue of a judgment of conviction.

Id.—Recommitment.—The fact that a prisoner serving under a judgment of conviction has been discharged on *habeas corpus* proceedings, because of a failure to comply with the provisions of article 327 of the Code of Criminal Procedure, will not prevent him from being recommitted under a certified copy of the judgment rendered against him.

The facts are as stated in the opinion.

*Mr. Sepúlveda,* for petitioner.

*Mr. Rossy, Fiscal,* for The People.

Mr. Justice Hernández delivered the opinion of the court.

On February 21 last Attorney Domingo Sepúlveda, on behalf of the prisoner Justo Aranzamendi, applied to the District Court of Ponce for a writ of *habeas corpus* seeking the discharge of Aranzamendi from custody on the ground that his imprisonment was illegal for two reasons: First, because the sentence of imprisonment for two years and fifty days, the latter in default of payment of a fine of $50 imposed upon him by the Municipal Court of Ponce, in a prosecution for the crime of assault, was cruel and unusual, and therefore, in violation of the Eighth Amendment to the Constitution of the United States of America; second, because the commitment under which Aranzamendi was confined was defective in that it did not contain the fundamental requisite prescribed in section 327 of the Code of Criminal Procedure.

The writ of *habeas corpus* having been issued and returned, it appears that Aranzamendi has been imprisoned

since January 20 of the previous year by virtue of a sentence of the Municipal Court of Ponce, according to the commitment reading as follows:

"The People of Porto Rico.   The President of the United States.— The warden of the jail of this city shall hold the person of Justo Aranzamendi therein, by virtue hereof, until he shall have served two year's imprisonment and paid a fine of $50, the fine to be the equivalent of fifty days' additional imprisonment of said defendant in that jail, said penalty having been imposed upon him by this court for the crime of assault.   Ponce, January 20, 1905.   By order of the Court, F. Gautier, Secretary."

The District Judge of Ponce, after having heard the arguments of the parties, held that the application of Aranzamendi for discharge from custody should be denied, on the ground that the defects in the warrant of commitment were defects in form only, and that it had been issued by a municipal judge (section 484 of the Code of Criminal Procedure), and that it is not a matter for determination on *habeas corpus* proceedings whether a sentence imposed within the limits fixed by the law is or is not excessive.

The applicant appealed from this decision to the Supreme Court, the proceedings wherein have been had with the intervention of the *fiscal* alone, the appellant, now at liberty on bail, not having appeared.

We agree that it is not proper to discuss in *habeas corpus* proceedings the question whether a sentence imposed by a judge within the limits of his jurisdiction or his discretional powers, is or is not excessive; but we understand that for the execution of a judgment a certified copy of the original judgment must be furnished to the officer whose duty it is to execute it; and as this provision has not been complied with in this case, the imprisonment of Justo Aranzamendi is illegal in that the warrant for his commitment is fundamentally defective.   Section 484 of the Code of Criminal Procedure cannot be invoked in support of the action of the Municipal

Court of Ponce, as it applies only to persons imprisoned upon a criminal charge, but not under a judgment of conviction.

For the reasons stated and in view of the provisions of section 483, subdivision 3, and section 491, subdivision 2, of the Code cited, the decision appealed from should be reversed and Justo Aranzamendi definitely discharged from custody, without prejudice to his recommitment to prison by the Municipal Court of Ponce, upon the issuance of a certified copy of the judgment upon which he was committed to prison; and the bail furnished, pending the decision of the appeal, is hereby cancelled.

*Reversed.*

Chief Justice Quiñones, and Justices Figueras, Mac-Leary and Wolf concurred.